# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN CHRISTOPER WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-443-D |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Upon examination of Plaintiff's Complaint [Doc. No. 1], the Court finds that it fails to show subject matter jurisdiction and to satisfy the pleading requirements of Fed. R. Civ. P. 8(a).[1] Further, because Plaintiff is proceeding under 28 U.S.C. § 1915, the Complaint is subject to dismissal pursuant to § 1915(e)(2)(B).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] Because federal courts have limited jurisdiction, this Court has "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,'" and may raise the issue at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

Plaintiff's Complaint states that jurisdiction exists under 28 U.S.C. § 1331 and § 1343(a)(3) to enforce his federal rights under 42 U.S.C. § 1983.  *See* Compl. ¶ 1. However, "Defendant is Oklahoma Department of Transportation, an agency of the [S]tate of Oklahoma."  *Id*. ¶ 4.  A state agency cannot be sued under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002).  A state agency enjoys Eleventh Amendment immunity from suit in federal court, and "Congress did not abrogate the states' Eleventh Amendment immunity when enacting § 1983."  *See Ruiz*, 299 F.3d at 1181 (citing *Quern v. Jordan*, 440 U.S. 332, 339-40 (1979)); *see also Will*, 491 U.S. at 63; *Washington v. Okla. State Dep't of Human Servs.*, 802 F. App'x 419 (10th Cir. 2020).  Plaintiff alleges no basis to suggest that any exception to immunity might apply.  *See Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013) (stating exceptions).[2]  Defendant's immunity deprives this Court of jurisdiction.  *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974); *Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001).

Further, as stated in *Martinez v. United States Olympic Committee.*, 802 F.2d 1275, 1280 (10th Cir. 1986):   "A suit will be dismissed for lack of federal question jurisdiction when the claim is 'too insubstantial for consideration,' *Hagans v. Lavine*, 415 U.S. 528, 539 (1974), or is 'wholly insubstantial and frivolous,' *Junior Chamber of Commerce of Rochester, Inc. v. United States Jaycees*, 495 F.2d 883, 886 (10th Cir.), *cert. denied*, 419 U.S. 1026 (1974)."  *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 & n.10 (2006)

---

[2] "Oklahoma has not waived its Eleventh Amendment immunity for [§ 1983] claims."  *See Large v. Okla.*, 578 F. App'x 752, 754 (10th Cir. 2014) (citing Okla. Stat. tit. 51, § 152.1(B)).

(plaintiff must plead a "colorable claim" to properly invoke § 1331 jurisdiction). Plaintiff does not state a colorable claim that Defendant violated any right of due process guaranteed by the Fourteenth Amendment (by not accepting direct deposit information) or any right under the Ninth Amendment (by terminating probationary employment without cause), as asserted in Counts 1 and 2 of the Complaint. *See* Compl. at 2, ¶¶ 5-6. The Complaint is frivolous and, therefore, will not support an exercise of subject matter jurisdiction.

In light of Plaintiff's *pro se* status, the Court will afford him an opportunity to amend his pleading. Plaintiff is cautioned that, although his pleadings are held to a less stringent standard than ones drafted by lawyers, he must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted).

IT IS THEREFORE ORDERED that Plaintiff shall file an amended complaint within 14 days from the date of this Order to cure the deficiencies in his pleading. Otherwise, this action will be dismissed without prejudice.[3]

IT IS SO ORDERED this 19th day of May, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] "It is fundamental, of course, that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal . . . must be without prejudice." *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973); *see Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004).